18709—Peter J. Blosser v. Richard Enderlin. Motion to direct Ross Appeals to certify record. Sustained.

Docketed July 9, 1924. 2 Abs. 468; OS. Pend. 2 Abs. 499.

18718—City of East Cleveland v. Cleveland Ry. Co. Motion to direct Cuyahoga Appeals to certify record. Overruled.

Docketed July 19, 1924. 2 Abs. 468.

18734—Christopher Horton v. N. & W. R. R. Co. Motion to direct Ross Appeals to certify record. Overruled.

Docketed July 26, 1924. 2 Abs. 468; OS. Pend. 2 Abs. 548.

18736—The Olmstead Hotel Co. v. State ex rel. Price, Atty. Genl. Motion to direct Cuyahoga Appeals to certify record. Overruled.

Docketed July 29, 1924. 2 Abs. 483; OS. Pend. 2 Abs. 595.

18736—Olmstead Hotel Co. v. State ex rel Price, Atty. Genl. Motion by defendant to dismiss petition in error as of right. Overruled.

Docketed July 29, 1924. 2 Abs. 483; OS. Pend. 2 Abs. 595.

18736—Olmstead Hotel Co. v. State ex rel Price, Atty. Genl. Motion by defendant to dismiss petition in error as of right. Overruled.

Dolketed July 29, 1924. 2 Abs. 483; OS. Pend., 2 Abs. 595.

18753—Houston Bingham v. Nypano R. R. Co. et al. Motion to direct Marion Appeals to certify record. Sustained.

Docketed Aug. 13, 1924. 2 Abs. 498.

18757—Edith I. O'Brien, Admrx., v. Mary O'Brien et al. Motion to direct Lucas Appeals to certify record. Sustained.

Docketed Aug. 13, 1924.

18757—Edith I. O'Brien, Admrx., v. Mary O'Brien. Motion by defendant to strike from the files and dismiss petition in error. Overruled.

Docketed Aug. 13, 1924.

18757—Edith I. O'Brien, Admrx., v. Mary O'Brien. Motion by plaintiff to dispense with printing record. Sustained.

Docketed Aug. 13, 1924.

18760—John L. Cronin v. Lon A. Green. Motion to direct Ross Appeals to certify record. Overruled.

Docketed Aug. 15, 1924. 2 Abs. 757; OS. Pend. 2 Abs. 562.

18762—James Taylor v. Paul William Hydell, an infant, etc. Motion to direct Ross Appeals to certify record. Overruled.

Docketed Aug. 16, 1924. 2 Abs. 757.

18783—In the Matter of the Petition of the Trustees of the Third Presbyterian Congregation of Chillicothe. Motion to direct Ross Appeals to certify record. Overruled.

Docketed Sept. 24, 1924. 2 Abs. 594; OA., 2 Abs. 216; mo. cer. ov., 2 Abs. 389.

## SYLLABI OF CASES
## DECIDED LAST WEEK
### No. 708
### SYLLABI

No. 18241—Herman Hane v. Mary M. Kintner et al. Error to the Court of Appeals of Defiance county.

1271. WILLS — Dispositive character of words appearing below the signature—In contetst of, after prima facie case is made, proponents of will be entitled to submit evidence, and cause must be submitted to jury to determine whether signature is at the end of the will.

MARSHALL, C. J.

Where a will is signed by the testator and certain words appear below the signature and it is claimed by the proponents of the will that the words following the signature are without meaning, are not dispositive and have no relation to the dispositive provisions of the will which precede the signature and where such will has been duly probated and upon a contest of such will the order of probate and the will are offered in evidence a prima facie case is made and the proponents of the will are entitled to offer competent "other evidence" and the cause must be submitted to the jury under proper instructions for its determination whether the signature is at the end of such will.

Judgment reversed.

Day, Allen and Conn, JJ., concur.

---

### No. 709

No. 18193—Albert J. Schuholz v. Anna Walker et al. Error to the Court of Appeals of Hamilton County.

755. MECHANICS' LIENS—Where owner of premises conveys legal title after contract to furnish is made, and a copy of the affidavit is duly filed and served on the transferee, he is the "owner" within the purview of 9314 GC.

ALLEN, J.

Under Section 8315, General Code, a copy of the affidavit filed under Section 8314, General Code, to establish a mechanic's lien, must be served upon the owner, part owner or lessee of the premises upon which the lien is sought to be established. Where the owner of the premises at the time the contract is made and labor is performed and materials furnished conveys the legal title to said premises and the deed of conveyance is duly recorded and an affidavit is filed under Section 8314, General Code, to obtain a lien and in attempting to comply with Section 8315, General Code, a copy of the affidavit is served upon such such transferee, it is error to hold that such transferee is not the "owner" within the purview of Section 8315, General Code.

Judgment reversed.

Marshall, C. J., Day and Conn, JJ., concur.

---

### No. 710

No. 18539—The State ex rel Emil J. Kauffman v. Thad H. Brown, Secretary of State, etc. In Mandamus.

448. ELECTIONS—1. Diverse recommendations—Duty of state supervisor to notify state central committee—Appointment of nominee.

2. Arbitrary action by state central committee does not authorize mandamus against secretary of state to appoint a state supervisor.

JONES, J.

1. Where more than one county committee, each claiming to be the rightful executive committee of a political party, recommends to the state supervisor of elections, different persons for appointment as deputy state supervisor and inspector of elections, a mandatory duty is imposed upon such state supervisor by Section 4808, General Code (99 OL. 288), to notify the chairman of the state central committee of such party of such diverse recommendation. It likewise becomes the duty of the state supervisor to recognize whichever committee such state central committee certifies to be the rightful committee and to appoint the nominee of such certified committee as a deputy state supervisor and inspector of elections.

2. The fact that such state central committee has acted arbitrarily or upon insufficient evidence does not authorize the employment of mandamus against the secretary of state directing him to appoint a person recommended by a county executive committee which has failed to receive the recognition of such state central committee.

Writ denied.
Marshall, C. J., Robinson, Matthias, Day, Allen and Conn, JJ., concur.